G. MASSURE v. THE STATE.

1. An indictment against a road overseer, giving time and place, charged that the accused failed to keep in good repair the public road leading from S., in the county of G., to L., in the county of W., and that said road, especially between the residences of J. and C., in said county of

G., was then and there not in good repair, and that the said M. was then and there the lawfully appointed road overseer of said county of G., against the peace, etc. *Held* to be defective, in that it contained no averment clearly and definitely showing.that the defendant was bound by law to keep the road in repair. The indictment should have charged that the road was of the first class, or that it was a road that the defendant was bound by law to keep in repair, or that it was a road which the County Court had ordered him to keep in repair.

2. Road overseers are not bound, under Section 4 of Chapter 31 of the laws of 1870, to keep in repair such roads as are not provided for in Section 1 of that act, and for which they have no funds in their hands.

APPEAL from Guadalupe. Tried below before the Hon. Henry Maney.

There is no occasion for a statement of the facts.

*J. P. White*, for appellant.

*William Alexander, Attorney-General*, for the State.

WALKER, J. The fourth section of the Act of August 4th, 1870, has relation to the first section of said Act.

By the first section the County Courts are authorized to levy a special tax upon the taxable property of their counties, to be applied to the building of bridges and the improvement of the first-class public roads in their counties respectively, said roads to be classed by said County Courts. By the terms of the second section the courts are to determine the price to be paid to hands, and the points upon the roads, and the manner in which the work is to be done.

By the fourth section it is provided that the road overseer shall receive a certain compensation, to be allowed by the County Court, and is bound to keep the roads, bridges, and causeways of his county in good repair, and on failure so to do may be removed from office, or may be indicted as for a misdemeanor. The funds raised under the provisions of the first section of the act, whether so intended by the Legislature or not we cannot undertake to say, are only applicable to the building of bridges and the improvement of roads of the first class.

It was certainly not the intention of the Legislature to bind the overseers of roads to keep in repair such roads as are not provided for in the taxing clause of the act, and for which he would have no funds in his hands.

The indictment, then, should charge "that the road leading "from Seguin, in Gaudalupe county, to Lavernia, in Wilson "county (being the road which the appellant is charged to have "neglected), is a road of the first class;" or that it is a road which the defendant was bound by law to keep in repair, or that it was a road which the County Court had ordered him to keep in repair.

There should at least be some averment clearly and definitely showing that the defendant was bound by law to keep it in repair.

The indictment is defective, and the motion in arrest of judgment should have been sustained.

The judgment of the District Court is reversed, and the cause remanded.                    Reversed and remanded.